**STATE of Missouri, Respondent,**

v.

**Tyrone MATTHEWS, Appellant.**

**No. 35462.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 16, 1974.

---

Thomas W. Shannon, Pros. Atty., Dennis F. Kay, Asst. Pros. Atty., St. Louis, for respondent.

Brady, Brady & Devereaux, St. Louis, for appellant.

CLEMENS, Judge.

Defendant Tyrone Matthews, a clerk in an "Adult Book Store," appeals from conviction and $300 fine in a court-tried case for violating Section 563.280, RSMo 1969, V.A.M.S., which provides: "Every person who knowingly shall . . . offer for sale . . . any obscene . . . picture, photograph . . . or other publication of indecent, immoral or scandalous character . . . shall, on conviction thereof, be fined . . . ."

On appeal defendant challenges the sufficiency of the evidence to prove scienter, the sale and obscenity of the material and the trial court's failure to make a specific finding of obscenity.

■ On March 1, 1973 police officer Graue entered a book store, went to the magazine rack and selected a publication entitled "Ball Busters." He took it to defendant who was working behind a counter and asked if he had playing cards with pictures similar to the act of fellatio shown on the magazine cover. Defendant answered affirmatively, obtained a deck from the display case and showed Graue cards portraying couples performing a variety of acts of sexual intercourse, fellatio and cunnilingus. After buying the cards for $10.-40 Officer Graue seized the publication and arrested defendant. This evidence sufficed to show defendant had knowledge of the material offered for sale and knowingly sold a deck of playing cards showing hard-core obscenity.

■ Defendant's remaining allegations concern the determination of obscenity by the trial court. First, the trial court need not make a specific finding of obscenity where none is requested. Rule 26.-01(c), V.A.M.R., provides that "all fact issues upon which no specific findings are made shall be deemed found in accordance with the result reached." Finally, State's Exhibits 1 ("Ball Busters") and 2 (deck of cards) were in evidence. The trial judge being the trier of fact in a court-tried case could determine patently offensive "hard core" sexual conduct, such as "representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated" and "lewd exhibition of the genitals." Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). We find no error in the trial court's determina-

**248**

tion that State's Exhibits 1 and 2 are obscene.

Judgment affirmed.

SMITH, P. J., and McMILLIAN and GUNN, JJ., concur.